GIBSON, DUNN & CRUTCHER LLP
LAUREN R. GOLDMAN
(admitted *pro hac vice*)
lgoldman@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:   (212) 351-4000
Facsimile:    (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Telephone:   (415) 393-8200
Facsimile:    (415) 393-8306

ANDREW M. KASABIAN, SBN 313210
333 South Grand Avenue
Los Angeles, CA 90071 USA
Telephone:   (213) 229-7311
Facsimile:    (213) 229-6311
akasabian@gibsondunn.com

COOLEY LLP
MICHAEL G. RHODES, SBN 116127
rhodesmg@cooley.com
KYLE C. WONG, SBN 224021
kwong@cooley.com
CAROLINE A. LEBEL, SBN 340067
clebel@cooley.com
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:   (415) 693-2000
Facsimile:    (415) 693-2222

*Attorneys for Defendant Meta Platforms, Inc.
(formerly known as Facebook, Inc.)*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEY FAVOR, INC., FULLSTORY, INC., META PLATFORMS, INC., TIKTOK, INC., AND BYTEDANCE INC.,<br><br>Defendants. | Case No. 3:23-cv-00059-WHO<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br><u>CLASS ACTION</u> |

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED – CASE NO. 3:23-CV-00059-WHO

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Civil Local Rules 3-12 and 7-11 of the United States District Court for the Northern District of California, counsel for Defendant Meta Platforms, Inc. submits this Administrative Motion to consider whether *Jane Doe v. GoodRx Holdings, Inc. et al.*, Case No. 3:23-cv-00501-LB, filed in this District on February 2, 2023, should be related to the above-captioned action, *Jane Doe v. Hey Favor, Inc. et al.*, Case No. 3:23-cv-00059-WHO, filed in this District on January 5, 2023.

Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Under this standard, *GoodRx* and *Hey Favor* are related cases.

Plaintiff in *Hey Favor* alleges that defendant Hey Favor, a telemedicine company and direct-to-consumer pharmacy, incorporated software development kits ("SDKs") and pixels on the Hey Favor platform. (*Hey Favor* Dkt. 1 ¶ 26.) As a result, Plaintiff alleges Hey Favor permitted third-party "Advertising and Analytics Defendants," including Meta, TikTok, and FullStory, to "intercept users' health data and other highly sensitive information," including users' prescription information . . . answers to health questions . . . medication side effects, allergies, age, and weight." (*Hey Favor* Dkt. 1 ¶ 13.)

Plaintiff in *GoodRx* alleges that defendant GoodRx, a telehealth and prescription coupon company, incorporated SDKs and pixels on the GoodRx platform. (*GoodRx* Dkt. 1 ¶ 18.) As a result, Plaintiff alleges GoodRx permitted third-party "Advertising and Analytics Defendants," including Meta, Google, and Criteo, to "intercept[] Plaintiff and Class members' personal information, including health information relating to their medical conditions, symptoms, and prescriptions, communicated through the GoodRx Platform." (*GoodRx* Dkt. 1 ¶ 17-18.)

Based on these allegations, plaintiffs in both cases bring the following claims: 1) intrusion upon seclusion; 2) unjust enrichment; 3) violation of the California Confidentiality of Medical Information Act ("CMIA") §§ 56.06, 56.101, and 56.10; 4) aiding and abetting violation of the CMIA §§ 56.06, 56.101, and 56.10; 5) violation of CMIA § 56.36; and 6) violation of the California Invasion of Privacy Act ("CIPA") §§ 631 and 632. Plaintiff in *GoodRx* brings two additional claims, for violation of the

1  California Consumers Legal Remedies Act ("CLRA") and for violation of the California Unfair
2  Competition Law ("UCL").
3     In addition, each complaint seeks certification of a nationwide class of "[a]ll natural persons in
4  the United States who used the [Hey Favor or GoodRx] Platform and whose communications and/or
5  data were shared with third parties, including the Advertising and Analytics Defendants." (*Hey Favor*
6  Dkt. 1 ¶ 158; *GoodRx* Dkt. 1 ¶ 166.)
7     *Hey Favor* and *GoodRx* "concern substantially the same parties, property, transaction, or
8  event." Civ. L.R. 3-12(a). Both cases name Meta as a defendant. The plaintiffs in each case allege
9  that they used platforms on which SDKs and pixels were installed, and claim that, as a result, Meta and
10 other defendants received sensitive health information about them. This degree of overlap warrants
11 relation. *See, e.g.*, *Par Pharmaceutical, Inc. v. Takeda Pharmaceutical Co.*, 2013 WL 12221673, at
12 *2-3 (N.D. Cal. Oct. 28, 2013) (granting motion to relate where the actions shared the same defendant,
13 concerned same patent, and concern the same transaction or event). Although *Hey Favor* and *GoodRx*
14 include different defendants in addition to Meta, the actions concern the same "transaction[] or event":
15 third parties' receipt of alleged "health information" from an online prescription drug provider through
16 SDKs and pixels. *See Pepper v. Apple Inc.*, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019)
17 (finding cases related where the cases "center around the same technology and economic structures").
18 And both cases contain substantially identical causes of action against the defendants. In fact, all but
19 two of the causes of action alleged by Plaintiff in *GoodRx* are also alleged by Plaintiff in *Hey Favor*.
20    Given these similarities, it is more than "likely that there will be an unduly burdensome
21 duplication of labor and expense or conflicting results if the cases are conducted before different
22 Judges." Civ. L.R. 3-12(a). Having these cases heard by the same judge will increase efficiency and
23 reduce the risk of conflicting results. In addition, discovery in these cases will likely raise common
24 disputes surrounding discovery requests and productions, and relation will therefore increase efficiency
25 with respect to discovery. *See Pepper*, 2019 WL 4783951, at *2 (finding relation proper where all
26 cases "have yet to begin substantial discovery and so efficiency gains will be achieved in discovery").
27    To the extent that the Court believes the claims against non-Meta defendants in *GoodRx* are
28 distinct from the claims against Meta in that action and *Hey Favor*, once the matters are related the

Court can exercise its discretion, if necessary, to sever the claims against the non-Meta defendants. *See* Fed. R. Civ. P. 21 ("The court may . . . sever any claim against a party."); *Earth Island Inst. v. Quinn*, 56 F. Supp. 3d 1110, 1114 (N.D. Cal. 2014) ("The Court has broad discretion in determining whether to order severance under Rule 21." (citations omitted)).[1]

Meta respectfully requests that the Court order that *GoodRx* is related to *Hey Favor*.

Dated: February 17, 2023

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Lauren R. Goldman*
    Lauren R. Goldman

COOLEY LLP

By: */s/ Michael G. Rhodes*
    Michael G. Rhodes

*Attorneys for Meta Platforms, Inc. (formerly known as Facebook, Inc.)*

---

[1] It is Meta's understanding that the *GoodRx* plaintiff will file an administrative motion to relate *GoodRx* to *USA v. GoodRx Holdings, Inc.*, Case No. 4:23-cv-00460, also filed in the Northern District of California. However, the *USA v. GoodRx* case has settled. It also involves different claims filed by the federal government under different statutes governed by different standards. *GoodRx* is not related to *USA v. GoodRx*.

**CIVIL L.R. 5-1(h)(3) ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I, Lauren R. Goldman, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: February 17, 2023            GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Lauren R. Goldman*
     Lauren R. Goldman