(Eddie) Jae K. Kim (CA Bar No. 236805)
**LYNCH CARPENTER, LLP**
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel.: (626) 550-1250
ekim@lcllp.com

Gary F. Lynch (*pro hac vice* forthcoming)
Jamisen A. Etzel (*pro hac vice* forthcoming)
Nicholas A. Colella (*pro hac vice* forthcoming)
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel.: (412) 322-9243
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
Christopher DeVivo (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com
cdevivo@lowey.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEY FAVOR, INC., FULLSTORY, INC., META PLATFORMS, INC., TIKTOK, INC., AND BYTEDANCE INC.<br><br>Defendants. | Case No.: 3:23-cv-00059-WHO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Civil Local Rules 3-12(e) and 7-11 of the United States District Court for the Northern District of California, Plaintiff Jane Doe herby submits this Opposition to Defendant Meta Platforms, Inc.'s ("Meta") Administrative Motion to Consider Whether Cases Should Be Related (the "Motion") with respect to *Doe v. GoodRx Holdings, Inc.*, No. 3:23-cv-00501-LB (the "GoodRx Action") and *Doe v. Hey Favor, Inc.*, No. 3:23-cv-00059-WHO (the "Favor Action") (collectively, the "Actions").[1] The GoodRx Action and the Favor Action are not relatable under Civil Local Rule 3-12(a) because: (1) they do not "concern substantially the same parties, property, transaction, or event"; and (2) it is not likely that "there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Civ. L. R. 3-12(a).

*First*, the two Actions involve almost entirely different parties. The four defendants in the GoodRx Action include GoodRx Holdings, Inc., Criteo Corp., Google, LLC, and Meta, whereas the five defendants in the Favor Action include Hey Favor, Inc., FullStory, Inc., TikTok, Inc., ByteDance Inc., and Meta. *See* GoodRx Class Action Complaint (the "GoodRx Complaint"), ECF No. 1 ¶¶ 28-58; Favor Class Action Complaint (the "Favor Complaint"), ECF No. 1 ¶¶ 25-57. The mere fact that two actions both involve Meta, when there are seven other non-overlapping defendants, does not come close to satisfying the standard for relation. *See Smith v. Mendoza*, No. 19-03750 BLF (PR), 2021 WL 1907825, at *2 (N.D. Cal. Mar. 27, 2021) (denying motion to relate when "Plaintiff's case involves seven defendants while Mr. Murray's case involves three defendants, and only two of the defendants are named in both lawsuits"); *Nozolino v. Hartford Life & Acc. Ins. Co.*, No. 12-CV-04314-JST, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013) (denying motion to relate when the "only ties" between the two cases were that they arose under the same statute and that "Hartford is a defendant in both actions.").

Nor are the Plaintiffs or the classes the same. The GoodRx Action is brought on behalf of an

---

[1] Meta's Motion is procedurally improper because it does not comply with L.R. 7-11, which requires a stipulation or declaration explaining why one could not be obtained.

2

PLAINTIFF'S OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED CASE NO. 3:23-cv-00059-WHO

individual from Florida who used the GoodRx platform to obtain medical treatment and a prescription for a urinary tract infection (GoodRx Complaint ¶ 23), and seeks to represent a proposed class of users who used the GoodRx Platform. *See* GoodRx Complaint ¶ 166. By contrast, Plaintiff here is an individual from Arkansas who used the Favor Platform—an entirely separate platform offered by a completely different company—to obtain prescriptions for birth control, emergency contraception and condoms (Favor Complaint ¶ 18), and seeks to represent an entirely different class of users: those who used the Favor mobile application and website. *See* Favor Complaint ¶ 158. In no universe can this be considered "substantially the same parties" when each action involves different users of entirely separate platforms and products.

***Second***, the Actions do not concern the same "property, transaction, or event" and, instead, "concern[] . . . different defendant[s] and accuse[] different products or services." *Evolutionary Intel. LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 WL 12173933, at *1 (N.D. Cal. Oct. 8, 2013). The GoodRx and Favor Actions concern entirely different mobile applications and websites, offered by completely different companies, that perform different functions, incorporate different combinations of tracking technology, and collect different information about different people.

Given the glaring differences in platforms, users, services, and data, the Actions do not concern the same "property, transaction, or event." *Adobe Sys. Inc. v. A & S Elecs., Inc*., No. C 15-2288 SBA, 2016 WL 9105173, at *3 (N.D. Cal. Oct. 13, 2016) ("each involves different software products which appear to have been sold at different times"); *Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2008 WL 3916304, at *2 (N.D. Cal. Aug. 24, 2008) ("the accused products . . . are not the same accused products and will be subject to different claims"); *Sorensen v. Lexar Media, Inc*., No. C 08-00095 JW, 2008 WL 11344635, at *1 (N.D. Cal. July 25, 2008) (denying motion to relate when the claims concern "different defendants" and "different product").

Indeed, the proof of nearly every element of the respective claims in each Action would have to rely on completely separate sets of relevant evidence, as would Plaintiffs' motions for class certification. *See Evolutionary Intel.*, 2013 WL 12173933, at *2 (denying motion to relate because the cases will "require a unique inquiry" for each defendant when the cases concern "different

3

defendants with different products or services"); *Tecson v. Lyft, Inc.*, No. 18-CV-06782-YGR, 2019 WL 1903263, at *3 (N.D. Cal. Apr. 29, 2019) ("[t]he putative classes in each case would likely be significantly different, if not wholly separate from each other.").[2]

***Third***, Meta cannot show "there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." While both actions involve Meta's tracking technology, there would be little overlap in discovery requests and productions, since each Action relates to different mobile applications, websites, transactions, and underlying data. Such a "minor overlap" likely will not require common declarations or coordinated depositions, which are not on their own "significant enough to show a likelihood of 'unduly burdensome duplication of labor.'" *Ortiz v. CVS Caremark Corp.*, No. C-12-05859(EDL), 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013).

Indeed, there are dozens of actions before numerous judges in this District (and elsewhere) relating to Meta's tracking technology, including the Meta Pixel, but this fact alone is not enough to make every action involving it related. *See Doe v. Meta Platforms, Inc.*, 3:22-cv-03580 (N.D. Cal. 2022) (Orrick, J.) (involving the Meta Pixel on hospital websites); *Frasco v. Flo Health*, 3:21-cv-00757 (N.D. Cal. 2021) (Donato, J.) (involving Meta's software development kit on the Flo Health mobile application); *Gershzon v. Meta Platforms, Inc.*, 3:23-cv-00083 (N.D. Cal. 2023) (Illston, J.) (involving Meta's Pixel on California Department of Motor Vehicles website); *Craig v. Meta Platforms, Inc.*, 4:23-cv-00315 (N.D. Cal. 2023) (Gilliam, J.) (involving Meta's Pixel on tax preparation websites). *See also Doe v. Meta Platforms, Inc.,* 3:22-cv-03580, ECF No. 180 (N.D. Cal.) (Orrick, J.) (denying Motion to Relate cases involving Meta Pixel on tax preparation websites

---

[2] *Par Pharmaceutical, Inc. v. Takeda Pharmaceutical Co.*, No. 13-CV-01927-LHK, 2013 WL 12221673, at *2-3 (N.D. Cal. Oct. 28, 2013), cited by Meta (*see* Motion at p. 2) is distinguishable, as it involved a complex patent dispute involving the same parties and issues, and any settlement would need to resolve the claims in both actions. *Id.* at *2. The same is not true here, as the products and classes are entirely different and, accordingly, so would any potential settlement. *Pepper v. Apple Inc.*, No. 11-CV-06714-YGR, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019) is equally distinguishable, as both actions were antitrust cases against the same Defendant, Apple, Inc., relating to its monopoly of the App Store.

4

PLAINTIFF'S OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED CASE NO. 3:23-cv-00059-WHO

to the action involving Meta Pixel on hospital websites).[3] Just as these actions are not related, neither are the GoodRx and Favor cases.

## CONCLUSION

As the Actions (1) do not "concern substantially the same parties, property, transaction, or event"; and (2) it is not likely that "there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges," Meta's Motion should be denied in its entirety.

Dated: February 21, 2023

/s/*Christian Levis*
Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
Christopher DeVivo (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com
cdevivo@lowey.com

(Eddie) Jae K. Kim (CA Bar No. 236805)
**LYNCH CARPENTER, LLP**
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel.: (626) 550-1250
ekim@lcllp.com

Gary F. Lynch (*pro hac vice* forthcoming)
Jamisen A. Etzel (*pro hac vice* forthcoming)
Nicholas A. Colella (*pro hac vice* forthcoming)
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor

---

[3] *See also* Skye Witley, *Meta Pixel's Video Tracking Spurs Wave of Data Privacy Suits*, BLOOMBERG LAW, (Oct. 13, 2022 10:18 AM) (reporting over 47 separate proposed class actions arising out of the Meta Pixel on different websites and apps).

5

Pittsburgh, PA 15222
Tel.: (412) 322-9243
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

*Attorneys for Plaintiff and the Proposed Class*