1  Michael Shipley (SBN 233674)
   mshipley@kirkland.com
2  KIRKLAND & ELLIS LLP
   555 South Flower St., Suite 3700
3  Los Angeles, CA  90071
   Telephone:    (213) 680-8400
4  Facsimile:    (213) 680-8500

5

6  *Attorney for Non-Party*
   *GoodRx Holdings, Inc.*

7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10  **SAN FRANCISCO DIVISION**

11 | JANE DOE, individually and on behalf of all others similarly situated, | CASE NO. 3:23-CV-00059-WHO |
|---|---|
| Plaintiff, | **NON-PARTY GOODRX HOLDINGS, INC.'S OPPOSITION TO DEFENDANT META PLATFORM, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| v. | |
| HEY FAVOR, INC., FULLSTORY, INC., META PLATFORMS, INC., TIKTOK, INC., AND BYTEDANCE INC. | |
| Defendants. | |

Pursuant to Civil Local Rules 3-12 and 7-11(b) of the United States District Court for the Northern District of California, GoodRx Holdings, Inc. ("GoodRx"), a defendant in *Jane Doe v. GoodRx Holdings, Inc. et al.*, Case No. 3:23-cv-00501-LB ("*GoodRx*"), and a non-party to the above-captioned action ("*Hey Favor*"), submits this response in opposition to the Administrative Motion to consider whether the *GoodRx* matter should be related to the *Hey Favor* matter, filed by Meta Platforms, Inc. ("Meta"). (*Hey Favor* Dkt. 44.)

Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Here, Meta contends that *GoodRx* and *Hey Favor* are related primarily because "[b]oth cases name Meta as a defendant" and both plaintiffs "allege that they used platforms on which SDKs and pixels were installed, and [] that, as a result, Meta and other defendants received sensitive health information about them." (*Hey Favor* Dkt. 44 at 2.)

As Meta notes, however, no other parties overlap between the two matters; with only one of ten parties overlapping, the actions do not "concern substantially the same parties." Civ. L.R. 3-12(a). In addition, although Meta contends that both plaintiffs allege that they "used platforms on which SDKs and pixels were installed," *Hey Favor* Dkt. 44 at 2, the platforms that each plaintiff used were ***entirely*** distinct from one another. That is, Hey Favor and GoodRx are completely different entities that operate different platforms and provide different services. For instance, unlike GoodRx, Hey Favor is not a prescription coupon provider. In addition to providing different services on distinct platforms, the complaints challenge the use of different technology. Other than the Meta Pixel and Meta SDK, Hey Favor is also alleged to have used the TikTok Pixel and FullStory's "session replay software"—which allegedly tracks users' clicks, taps, scrolls, mouse movements, and keystrokes—neither of which are at issue in the *GoodRx* matter. Additional distinctions between the parties, platforms, and challenged conduct abound. Therefore, the claims against GoodRx and Hey Favor do not concern "substantially the same ... property, transaction, or event." Civ. L.R. 3-12(a). Given these distinctions, it is not likely that there would be an

1

GOODRX HOLDINGS, INC.'S OPPOSITION TO DEFENDANT META PLATFORM, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED – CASE NO. 3:23-CV-00059-WHO

unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Accordingly, these matters do not meet the standard for relatedness under Civil Local Rule 3-12(a) as related to GoodRx. *See, e.g.*, *ASUS Computer Int'l v. Interdigital, Inc.*, No. 15-cv-01716, 2015 WL 13783764, at *1 (N.D. Cal. June 15, 2015) (denying motion to relate two cases despite one overlapping party and some of the same facts because "there are myriad case-specific facts and issues that do not overlap"); *Olympic Developments AG, LLC v. Nintendo of Am. Inc.*, No. 4:11-CV-00329, 2011 WL 13352803, at *1 (N.D. Cal. Apr. 20, 2011) (denying motion to relate cases where the respective actions "involve[d] different parties and different accused products, and therefore [did] not concern substantially the same property, transaction or event as required by LR 3-12(a)(1)"). If the Court determines that *GoodRx* is sufficiently related to *Hey Favor* based on the similarities of the allegations **as to Meta**, GoodRx would not oppose an order to sever the claims against Meta from those against GoodRx.

DATED:  February 21, 2023

Respectfully submitted,

KIRKLAND & ELLIS LLP

/s/ Michael Shipley
Michael Shipley (SBN 233674)
mshipley@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower St., Suite 3700
Los Angeles, CA  90071
Telephone:     (213) 680-8400
Facsimile:      (213) 680-8500

*Attorney for Non-Party
GoodRx Holdings, Inc.*

2

GOODRX HOLDINGS, INC.'S OPPOSITION TO DEFENDANT META PLATFORM, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED – CASE NO. 3:23-CV-00059-WHO

**CERTIFICATE OF SERVICE**

On February 21, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and Civ. L.R. 5-1 have been so served.

*/s/ Michael Shipley*
Michael Shipley