**WILLKIE FARR & GALLAGHER LLP**
Benedict Y. Hur (SBN: 224018)
Simona Agnolucci (SBN: 246943)
Eduardo E. Santacana (SBN: 281668)
Tiffany Lin (SBN: 321472)
Yuhan Chi (SBN: 324072)
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 858-7400
Facsimile: (415) 858-7599
bhur@willkie.com
sagnolucci@willkie.com
esantacana@willkie.com
tlin@willkie.com
ychi@willkie.com

**Attorneys for**
**GOOGLE LLC**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEY FAVOR, INC., FULLSTORY, INC., META PLATFORM, INC., TIKTOK, INC., and BYTEDANCE INC.<br><br>Defendants. | Case No.: 3:23-cv-00059-WHO<br><br>***GOODRX*** **DEFENDANT GOOGLE LLC'S OPPOSITION TO META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br><u>CLASS ACTION</u> |

## I. INTRODUCTION

Google LLC ("Google") files this opposition to Defendant Meta Platforms, Inc. ("Meta")'s Administrative Motion to Consider Whether Cases Should be Related, filed on February 17, 2023 (ECF No. 44). Google opposes Meta's request to relate *Jane Doe v. GoodRx Holdings, Inc. et al.*, Case No. 3:23-cv-00501-LB ("*GoodRx*"), in which Google is a defendant, to the above-captioned action, *Jane Doe v. Hey Favor, Inc. et al.*, Case No. 3:23-cv-00059-WHO ("*Favor*"), to which Google is not a party.

## II. LEGAL STANDARD

Pursuant to Northern District of California Local Rule 3-12(a), "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a).

## III. ARGUMENT

Google opposes Meta's motion to relate *GoodRx* to *Favor*. *GoodRx* and *Favor* do not "concern substantially the same parties, property, transaction, or event," and, due to the foregoing, keeping the cases separate would not cause any duplication of labor, expense, or conflicting results.

### A.  *GoodRx* and *Favor* Concern Substantially Different Parties, Property, Transaction, and Event

*First*, the two actions involve different parties. Meta is the *sole* common party across both cases. None of the four other defendants in *Favor*—Hey Favor, Inc. ("Favor"); FullStory, Inc. ("FullStory"); TikTok, Inc.; and ByteDance Inc. (together with TikTok, Inc., "TikTok") — are parties to *GoodRx*. Similarly, none of the other three defendants in *GoodRx*— Google; GoodRx Holdings, Inc. ("GoodRx"); and Criteo Corp. ("Criteo") —are parties to *Favor*. *See Adobe Sys. Inc. v. A&S Electronics*, 2016 WL 9105173, at *3 (N.D. Cal. 2016) (declining to relate two cases in which only one party was the same); *Target Therapeutics, Inc. v. SciMed Life Systems, Inc.*, 1996 WL 241692, at *13 (N.D. Cal. May 2, 1996), *rev'd on other grounds by*

*Target Therapeutics, Inc. v. Cordis Endovascular Systems, Inc.*, 113 F.3d 1256 (Fed. Cir. 1997) (denying motion to relate because "[w]hile some of the parties in the instant case are the same . . . the other action involves parties not present here."); *cf. Par Pharmaceutical, Inc. v. Takeda Pharmaceutical Co., Ltd.*, 2013 WL 12221673, at *1 (N.D. Cal. Oct. 28, 2013) (granting motion to relate where the cases were all "actions brought by or against Takeda Pharmaceutical Company, Limited, Takeda Pharmaceuticals U.S.A., Inc., and Takeda Pharmaceuticals America, Inc."). In addition, the putative class Plaintiff seeks to certify in *Favor* consists of Favor users. In contrast, the putative class in *GoodRx* consists of GoodRx users, of which there is no allegation of overlap with Favor users.

*Second*, the two actions involve different property, transactions, and events. The cases involve different property; that is, user data from different users and from different companies. *Favor* was brought by a *Favor* user against Favor, Meta, FullStory, and Tiktok, alleging that Favor disclosed user data to Meta, Fullstory, and TikTok without the consent of Favor users. In contrast, *GoodRx* was brought by a *GoodRx* user against GoodRx, Meta, Google, and Criteo, alleging that GoodRx disclosed user data to Meta, Google, and Criteo without the consent of GoodRx users. Not only are the users in each case different, the user data allegedly disclosed is different as well. *See, e.g., Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 3916304, at *2 (N.D. Cal. Aug. 24, 2008) (denying motion to relate because the cases concerned substantially different patents and products).

*Third*, the cases involve different technology: Plaintiff in *GoodRx* does not (and could not) allege that Google receives, processes, maintains and uses data from *GoodRx* in the same way that Meta and Criteo do; Plaintiff in *GoodRx* also obviously does not allege anything suggesting Google employs the same technology as FullStory or Tiktok. Because the analytics providers other than Meta do not overlap, there will be little efficiency gained by relating the two cases. *See Adobe Sys. Inc.*, 2016 WL 9105173, at *3 (declining to relate cases in which "different software products are at issue in each case."); *Hynix Semiconductor Inc.*, 2008 WL 3916304, at *2 (denying motion to relate because the cases would "require an understanding of

a different, albeit related, technology."). Unlike *Pepper v. Apple Inc.*, where the related cases were brought against only *one* defendant—Apple, Inc. —and concerned only Apple Inc.'s technology, these cases involve five different analytics defendants and at least five different technologies. 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019).

*Finally*, *GoodRx* and *Favor* involve different disclosures about the sharing of user data. Favor and GoodRx necessarily have differing privacy policies with different disclosures to their users, and each analytics provider has different agreements with its customers (i.e., GoodRx or Favor) about the use of the customer's user data.

### B. Keeping *GoodRx* and *Favor* Separate Would Not Result in Duplication of Labor, Expense, or Conflicting Results

Keeping *GoodRx* and *Favor* separate would not cause a duplication of labor, expense, or conflicting results because they involve different parties, data, and technology. *See* L.R. 3-12(a)(2).

## IV. CONCLUSION

The Court should deny Meta's administrative motion to relate *GoodRx* to this action.

Respectfully submitted,

**WILLKIE FARR & GALLAGHER LLP**

Dated: February 21, 2023

By: /s/ Benedict Y. Hur
Simona Agnolucci
Benedict Y. Hur
Eduardo E. Santacana
Tiffany Lin
Yuhan Chi

*Attorneys for Defendant GOOGLE LLC*

**CERTIFICATE OF SERVICE**

I, Marsi Allard, hereby certify that on February 21, 2023, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

Pursuant to Civil Local Rule 3-12, I further caused true and correct copies of the foregoing to be served via email on counsel for the parties in *Jane Doe v. GoodRx Holdings, Inc. et al.*, No. 3:23-cv-00501-LB:

Christian Levis
Rachel Isabel Kesten
Amanda Grace Fiorilla
**Lowey Dannenberg, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
(914) 997-0500
clevis@lowey.com
(914) 733-7279
rkesten@lowey.com
(914) 733-7266
afiorilla@lowey.com

Robert C. Schubert
Willem F. Jonckheer
Amber Love Schubert
**Schubert Jonckheer & Kolbe LLP**
2001 Union Street
Suite 200
San Francisco, CA 94123
415-788-4220
415-788-0161 (fax)
rschubert@sjk.law
wjonckheer@schubertlawfirm.com
aschubert@sjk.law

I declare under penalty of perjury that the foregoing is true and correct.

　　　　　　　　　　　　　　　　　　　　　　　　___/s/ Marsi Allard_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Marsi Allard