

May 5, 2023

**BY ECF**
Honorable William H. Orrick
United States District Court
Northern District of California
450 Golden Gate Ave., Courtroom 2, 17th Floor
San Francisco, CA 94102

      Re:    *Doe v. Hey Favor, Inc.*, 3:23-cv-00059 (N.D. Cal.)

Dear Judge Orrick:

      Plaintiff Jane Doe respectfully submits this letter in response to The Pill Club Pharmacy Holdings, LLC's April 27, 2023 Notice of Suggestion on Pendency of Bankruptcy for Hey Favor, Inc., and Automatic Stay of Proceedings ("Notice"). *See* ECF No. 63.

      The Notice states that Pill Club Pharmacy Holdings, LLC and several of its affiliates, including Hey Favor, Inc. ("Hey Favor") filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code in the Northern District of Texas on April 18, 2023. *See In re: The Pill Club Pharmacy Holdings LLC,* Case No. 23-41090-ELM (Bankr. N.D. Tex.). The Bankruptcy Code provides for an automatic stay of proceedings against the debtor, here Hey Favor, upon initiation of a Chapter 11 Case. *See* 11 U.S.C. § 362(a) ("upon the filing of the Debtors' voluntary petitions, an injunction is placed into effect which stays, among other things, the commencement or continuation of a judicial . . . proceeding ***against the Debtors*** that was . . . commenced before the commencement of the Chapter 11 Cases.") (emphasis added).

      However, the statute is clear that this automatic stay only applies to the debtor(s) and not other parties to the action that are not also seeking bankruptcy protection. *See Rosen v. Urban Commons, LLC*, 2021 WL 3264146, at *2-3 (C.D. Cal. July 23, 2021) (holding the "action shall . . . continue against the non-debtors" because the Bankruptcy Code's "automatic stay 'does not extend to actions against parties other than the debtor'") (internal citation omitted); *Duval v. Gleason,* No. C-90-0242, 1990 WL 261364, at *1 (N.D. Cal. Oct. 19, 1990) (holding "the automatic stay under 11 U.S.C. § 362 should not be extended to the present proceedings against the non-debtor defendants."); *id.* at *2 ("The automatic stay . . . is generally available only to the bankrupt and not to non-debtor third parties or codefendants.").

      There are four Defendants in this action that have not declared bankruptcy: Meta Platforms, Inc., TikTok, Inc., ByteDance Inc., and FullStory, Inc. Thus, while further proceedings against Hey Favor may have been automatically stayed, the action should proceed against these entities. Plaintiff Jane Doe accordingly: (1) seeks clarification that it may continue the above-captioned action against the non-debtor Defendants, and (2) requests leave to file a motion to sever the claims against Hey Favor so that the rest of the case may proceed.

2

Sincerely,

_____
Christian Levis
*Counsel for Plaintiffs*