UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

    Plaintiff,

    v.

HEY FAVOR, INC., et al.,

    Defendants.

Case No. 23-cv-00059-WHO

**ORDER DENYING MOTION TO SEVER**

Re: Dkt. Nos. 54, 66

Defendant Meta Platforms, Inc. moves to sever the claims plaintiff asserts against it in this suit from the claims asserted against the other four defendants. Meta wants the claims asserted against it here transferred to and consolidated with the claims *In re Meta Pixel Healthcare Litigation*, Case. No. 22-3580 ("*Meta Pixel Healthcare Litigation*"). Plaintiff in *this* case opposes severance, but the Interim Class Counsel appointed in the consolidated *Meta Pixel Healthcare Litigation* support severance.[1]

Having fully considered the arguments of all interested parties, the motion to sever is DENIED. This case concerns the conduct of five different defendants and primarily concerns those five defendants' capture and use of personal healthcare information through mobile applications or apps. The *Meta Pixel Healthcare Litigation* concerns only the conduct of Meta and its capture and use of personal healthcare information primarily through the use of Meta's Pixel and primarily through patient portals and related webpages on websites. The two types of cases are distinct.

---

[1] Defendants Hey Favor, Inc., TikTok Inc., and ByteDance Inc. informed Meta that they did "not oppose" the motion and defendant FullStory, Inc. took "no position." *See* Dkt. No. 66-1 (Declaration of Darcy C. Harris) ¶ 3.

I recognize that the Consolidated Class Action complaint filed by Interim Class Counsel in the *Meta Pixel Healthcare Litigation* case contains allegations that may be broader and could overlap with some aspects of the claims asserted against Meta in this case. However, the appropriate scope of the *Meta Pixel Healthcare Litigation* has yet to be tested or finally determined. More significantly, there are scores of cases being filed around the country challenging the collection of personal information through Pixel, SDK, and related technologies against a host of different defendants. At this juncture, I do not believe that folding the app-based SDK claims into the *Meta Pixel Healthcare Litigation* case is necessary (or even desirable) for purposes of judicial efficiency, including those claims that concern Meta and the collection of "healthcare" information. I am willing to look at this issue again later in the litigation if the benefits of severance/consolidation become clearer. But at present, the motion to sever is DENIED.

Finally, the *Meta Pixel Healthcare Litigation* Interim Lead Counsel's request for a blanket order requiring that "future claims against Meta asserted in other actions" after the date their consolidated complaint was filed be "promptly severed and transferred" is neither necessary nor appropriate. *See* Dkt. No. 252 at 3-4. Interim Lead Counsel or Meta's counsel can readily use existing procedural mechanisms to relate or to sever and seek consolidation of future claims that they believe should be folded into the *Meta Pixel Healthcare Litigation* case.

**IT IS SO ORDERED.**

Dated: May 24, 2023



William H. Orrick
United States District Judge

2