(Eddie) Jae K. Kim (CA Bar No. 236805)
**LYNCH CARPENTER, LLP**
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel.: (626) 550-1250
ekim@lcllp.com

Gary F. Lynch (*pro hac vice* forthcoming)
Jamisen A. Etzel (pro hac vice forthcoming)
Nicholas A. Colella (*pro hac vice* forthcoming)
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel.: (412) 322-9243
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
Yuanchen Lu (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com
ylu@lowey.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FULLSTORY, INC., META PLATFORMS, INC., TIKTOK, INC., AND BYTEDANCE INC.<br><br>Defendants. | Case No.: 3:23-cv-00059-WHO<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL OF PLAINTIFF JANE DOE**<br><br>Judge:         Hon. William H. Orrick<br>Hearing Date: January 8, 2025<br>Hearing Time: 2:00 PM<br>Place:         Courtroom 2 – 17th Floor<br>             450 Golden Gate Ave.,<br>             San Francisco, CA 94102 |

1  **PLEASE TAKE NOTICE** that on January 8, 2025 at 2:00 PM, or as soon thereafter as the
matter may be heard by the Honorable William H. Orrick in Courtroom 2, 17th floor, at 450 Golden
Gate Ave., San Francisco, California, Plaintiffs Jane Doe and Jane Doe II will and hereby do move
for an order dismissing without prejudice Plaintiff Jane Doe's individual claims against Defendants
Meta Platforms, Inc. ("Meta"), TikTok, Inc. and ByteDance Inc. ("TikTok"), and FullStory, Inc.
("FullStory") (together, "Defendants").

Plaintiffs requested that Defendants stipulate to the dismissal of Plaintiff Jane Doe.
Defendants would not do so unless Plaintiff Jane Doe agreed to sit for a deposition and respond to
all written discovery requests—including those served after she informed Defendants of her intent
for dismissal—prompting this Motion for Voluntary Dismissal ("Motion"). Plaintiffs respectfully
request that the Court order the dismissal of Jane Doe without prejudice and without conditions.
This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and
Authorities, the Declaration of Amanda Fiorilla in Support of Plaintiffs' Motion ("Fiorilla Decl."),
the Proposed Order, all other documents of record in the above-referenced matter, the arguments
presented by counsel at any hearing, and any other matter the Court may wish to consider.

**STATEMENT OF THE ISSUE TO BE DECIDED**

Whether the Court should order the dismissal of Plaintiff Jane Doe without prejudice and
without conditions.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiffs bring this Motion to request an order voluntarily dismissing Plaintiff Jane Doe
pursuant to Federal Rules of Civil Procedure Rule 41(a)(2). On October 14, 2024, Plaintiffs
informed Defendants that Plaintiff Jane Doe no longer wished to participate in this action and
requested a stipulation of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1).
Fiorilla Decl. ¶ 6. Defendants would not agree to stipulate to Plaintiff Jane Doe's dismissal unless:
(1) she agreed to be deposed; and (2) she responded to all discovery requests from Defendants now
and in the future. *Id.* ¶ 7.

This Court should grant dismissal without these unnecessary conditions for at least two reasons. First, the conditions Defendants demand—i.e., that Plaintiff Jane Doe fully participate in all discovery—is both unnecessary and unreasonable in light of Plaintiff Jane Doe's dismissal of her claims against them. Second, Defendants cannot show that dismissal will cause any prejudice because this case is still in its early stages, with discovery only recently begun. Indeed, Defendants have not produced any documents in response to Plaintiffs' requests for production, two of the three Defendants only served discovery requests on Plaintiff Jane Doe after she expressed her intent to withdraw, and no depositions have occurred at this time. Nor will Plaintiff Jane Doe's dismissal alter the substance of this litigation. If Plaintiff Jane Doe is dismissed, this action will continue with Plaintiff Jane Doe II, who alleges substantially identical claims as Plaintiff Jane Doe on behalf of the same class. Thus, Plaintiff Jane Doe has no unique role in this litigation and her dismissal will not prejudice Defendants in any way. For these reasons, and those described herein, the Court should order the voluntary dismissal of Plaintiff Jane Doe without prejudice and without conditions.

## II.   BACKGROUND

This is a consumer privacy class action against Defendants alleging they intercepted Hey Favor, Inc. ("Favor") users' private health data through their tracking technology embedded on the Favor mobile application and website. The Court largely denied Defendants' Motions to Dismiss on January 17, 2024 and July 17, 2024, respectively. ECF Nos. 115, 167.

Since that time, discovery has remained in the early stages. Plaintiffs served discovery requests on Meta and TikTok on March 27, 2024, and FullStory on July 25, 2024. Fiorilla Decl. ¶ 5. Despite that these requests have been outstanding for 8 months with respect to Meta and TikTok, and 4 months for FullStory, no Defendant has produced responsive documents at this time. *Id*. ¶ 9. Meanwhile, only TikTok had served discovery requests on Plaintiff Jane Doe before she expressed her intent to withdraw.[1] *Id*. ¶¶ 4, 6. No party has served interrogatories and no depositions have occurred. *Id*. ¶ 9.

---

[1] Meta and FullStory served discovery requests on Plaintiff Jane Doe on November 27, 2024. *Id*. ¶ 4. This was *after* Plaintiff Jane Doe had informed Defendants of her intent to withdraw. *Id*. ¶ 6.

On October 14, 2024, Plaintiffs requested that Defendants stipulate to Plaintiff Jane Doe's voluntary dismissal without prejudice. Fiorilla Decl. ¶ 6. Defendants would not agree to do so unless Jane Doe responded to all current and future discovery requests and sat for a deposition. *Id.* ¶ 7. During the Parties' meet and confer on November 13, 2024, Defendants insisted on this demand and the Parties reached an impasse. *Id.* ¶ 8. Plaintiffs now seek an order dismissing Plaintiff Jane Doe pursuant to Fed. R. Civ. P 41(a)(2).

### III. LEGAL STANDARD

Federal Rules of Civil Procedure Rule 41(a)(2) allows for the voluntary dismissal of a plaintiff "by court order" after the defendants have served answers. Fed. R. Civ. P. 41(a). The decision to dismiss pursuant to Rule 41(a)(2) "rests in the Court's sound discretion." *Munro v. Univ. of S. California*, No. 2:16-CV-06191, 2019 WL 4575844, at *1 (C.D. Cal. July 2, 2019).

### IV. ARGUMENT

#### A. Defendants Will Not Suffer Legal Prejudice If Plaintiff Jane Doe Is Dismissed

"When considering whether to permit a named plaintiff to withdraw from a class action [], courts have observed that '[a]bsent a good reason . . . a plaintiff should not be compelled to litigate if [she] doesn't wish to." *Roberts v. Electrolux Home Prod., Inc.*, No. SACV 12-1644 CAS, 2013 WL 4239050, at *2 (C.D. Cal. Aug. 14, 2013); *see also In re Tezos Sec. Litig.*, No. 17-CV-06779-RS, 2019 WL 2183448, at *2 (N.D. Cal. Apr. 8, 2019) (recognizing that a plaintiff "should not be compelled to litigate if [she] doesn't wish to"). Accordingly, courts consider (1) whether "the request [for dismissal] is made in bad faith" (*Roberts*, 2013 WL 4239050, at *2) and (2) if the defendant will suffer "plain legal prejudice as a result" of the dismissal. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "[P]lain legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976. Courts find plain legal prejudice when, for instance, a defendant will "lose a . . . defense, or a jury trial, or a federal forum" or discovery "necessary to adequately defend themselves." *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1283 (9th Cir. 2023). It is not enough that a defendant "will be inconvenienced" by the dismissal. *Smith*, 263 F.3d at 976.

Here, Plaintiff Jane Doe does not seek dismissal for wrongful purposes, she merely does not

wish to participate in this litigation as a Class Representative. *See Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2016 WL 3648547, at *3 (N.D. Cal. July 6, 2016) (finding that not willing to "serve[] as a class representative" an "adequate" reason for voluntary dismissal). Nor will Plaintiff Jane Doe's dismissal cause plain legal prejudice, as this lawsuit will continue on behalf of Plaintiff Jane Doe II, who alleges the same claims based on the same conduct on behalf of the same class. *See Markels v. AARP*, No. 4:22-cv-05499, ECF No. 76 at 3 (N.D. Cal.) (finding no legal prejudice when "the case will proceed with two other plaintiffs whose allegations are effectively identical to [the dismissed plaintiff]."); *see also Smith*, 263 F.3d at 976 (finding no prejudice or "extra burden" when defendant is already "obliged to defend" the action). Because Plaintiff Jane Doe's dismissal does not alter the substance of this litigation, Defendants cannot establish plain legal prejudice, such as the loss of a federal forum or inability to obtain discovery necessary to adequately defend themselves. *See In re MGM Resorts Int'l Data Breach Litig.*, No. 220CV000376, 2024 WL 1440902, at *4 (D. Nev. Apr. 2, 2024) (finding no "unfair[] prejudice[]" by withdrawal of a named plaintiff when defendants can "obtain discovery . . . from the remaining . . . class representatives"); *Doe v. Arizona Hosp. & Healthcare Ass'n*, No. CV07-1292, 2009 WL 1423378, at *13 (D. Ariz. Mar. 19, 2009) (finding defendants "will not suffer undue prejudice" where "there are several other identified class representatives" available for discovery).

    **B.    Plaintiff Jane Doe's Voluntary Dismissal Should Not Be Conditioned On Discovery**

Courts should not impose conditions on a voluntary dismissal "unless the 'conditions . . . will alleviate the harm caused to the defendant.'" *Blehm v. DC Shoes, Inc.*, No. 05CV1418 JAH (WMC), 2006 WL 8455569, at *3 (S.D. Cal. May 2, 2006). Courts routinely refuse to condition a plaintiff's voluntary dismissal on conducting discovery where any prejudice to defendants is negligible, including when the case is still at an early stage. *See Steinmetz v. City of Laguna Beach*, No. 8:21-CV-02112-JVS-DFM, 2024 WL 3529050, at *2 (C.D. Cal. Feb. 23, 2024) (granting voluntary dismissal without discovery condition because defendant would not "suffer any legal prejudice" "[g]iven the relatively little amount of discovery that has commenced"); *Roberts*, 2013 WL 4239050, at *2 (refusing to condition dismissal on discovery condition where the request was

4

"made before either a motion for summary judgment or a motion for class certification"); *Arizona Hosp. & Healthcare Ass'n*, 2009 WL 1423378, at *13 (granting dismissal without condition because defendant "will not suffer the sort of prejudice that might stem from a later-stage withdrawal of a class representative"); *HumanCentric Ventures, LLC v. Xiao Jing He*, No. CV189332, 2019 WL 4233577, at *2 (C.D. Cal. May 16, 2019) (refusing to condition dismissal on discovery where there is no prejudice to defendants).

Here, this case has progressed only minimally since the Court's denial of the Defendants' motions to dismiss. *See* ECF Nos. 115, 167. As of the filing this Motion, the Parties are still in the process of negotiating the ESI Protocol and the Protective Order. Fiorilla Decl. ¶ 9. None of the Defendants have produced documents responsive to Plaintiffs' discovery requests (*id*.), and only TikTok had served discovery requests on Plaintiff Jane Doe before she expressed her intent to withdraw. *Id*. ¶¶ 4, 6. No interrogatories have been served, and no depositions have occurred. *Id.* ¶ 9. The current deadline for fact discovery is June 6, 2025, and the deadlines to file the class certification motion and dispositive motions are about 11 and 23 months away, respectively. *See* ECF No. 161. Given the early stage of this litigation, Defendants will not suffer any prejudice if they cannot obtain discovery from Plaintiff Jane Doe. *See Steinmetz*, 2024 WL 3529050, at *2 (finding dismissal without discovery condition would not cause prejudice to defendants "[g]iven the relatively little amount of discovery that has commenced").

The conditions sought by Defendants are especially inappropriate in this case because they are able to obtain any discovery necessary to defend this action as it continues from Plaintiff Jane Doe II. *See Arizona Hosp. & Healthcare Ass'n*, 2009 WL 1423378, at *13 (D. Ariz. Mar. 19, 2009) (refusing to require withdrawing plaintiff to "comply with all outstanding discovery requests and to sit for a deposition" because "there are several other identified class representatives" from whom defendants can obtain discovery); *In re MGM Resorts*, 2024 WL 1440902, at *3 (refusing to impose discovery conditions where the defendant can take discovery "from the remaining . . . representatives"); *Solano v. Kroger Co.*, No. 3:18-CV-01488, 2022 WL 3143352, at *7 (D. Or. May 3, 2022) (same); *see also Senne*, 2016 WL 3648547, at *3 (refusing to impose discovery condition

for dismissal of class representatives where defendants "have not pointed to any special role played by these individuals"). Indeed, discovery conditioned on Plaintiff Jane Doe's dismissal would effectively constitute discovery on an "absent class member[]" for which Defendants bear a "substantial burden" to justify. *See Arizona Hosp. & Healthcare Ass'n*, 2009 WL 1423378, at *14; *see also In re MGM Resorts*, 2024 WL 1440902, at *4 (refusing to condition dismissal on discovery over "individuals who would soon be absent class members"). As Defendants cannot carry this burden, they are not entitled to discovery on Plaintiff Jane Doe.[2]

### C. Plaintiff Jane Doe Should Be Dismissed Without Prejudice

"A dismissal under Rule 41(a)(2) normally is without prejudice, as explicitly s[t]ated in that rule." *Arteris S.A.S. v. Sonics, Inc.*, No. C 12-0434 SBA, 2013 WL 3052903, at *2 (N.D. Cal. June 17, 2013). The purpose of Rule 41(a)(2) is to allow voluntary dismissal "without prejudice so long as the defendant will not be prejudiced . . . or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). In putative class actions, courts have allowed voluntary dismissal of named plaintiffs without prejudice for them to still participate in the litigation as class members. *See In re ConAgra Foods, Inc.*, No. CV1105379, 2014 WL 12577428, at *3 (C.D. Cal. May 2, 2014) (granting voluntary dismissal of named plaintiff without prejudice for remaining as putative class members); *In re Morning Song Bird Food Litig.*, No. 12CV1592, 2015 WL 12791403, at *3 (S.D. Cal. Nov. 19, 2015) (same). Because there is no prejudice to Defendants (*see* Section IV.A), there is no basis to dismiss Plaintiff Jane Doe's claims with prejudice and prevent her from participating in the litigation as an absent class member.

### CONCLUSION

Plaintiffs' request to voluntary dismiss Plaintiff Jane Doe without prejudice should be granted without any condition.

Dated: December 2, 2024          /s/*Amanda Fiorilla*

---

[2] Because Defendants have no need for this discovery, the conditions they request amount to an attempt to "punish the plaintiff for voluntarily withdrawing [her] claims." *HumanCentric Ventures*, 2019 WL 4233577, at *2. The Court should not endorse these types of litigation tactics.

Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
Yuanchen Lu (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com
ylu@lowey.com

(Eddie) Jae K. Kim (CA Bar No. 236805)
**LYNCH CARPENTER, LLP**
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel.: (626) 550-1250
ekim@lcllp.com

Gary F. Lynch (*pro hac vice* forthcoming)
Jamisen A. Etzel (*pro hac vice* forthcoming)
Nicholas A. Colella (*pro hac vice* forthcoming)
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel.: (412) 322-9243
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

*Attorneys for Plaintiffs and the Proposed Class*