(Eddie) Jae K. Kim (CA Bar No. 236805)
**LYNCH CARPENTER, LLP**
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel.: (626) 550-1250
ekim@lcllp.com

Gary F. Lynch (*pro hac vice* forthcoming)
Jamisen A. Etzel (*pro hac vice* forthcoming)
Nicholas A. Colella (*pro hac vice* forthcoming)
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel.: (412) 322-9243
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

Christian Levis (admitted pro hac vice)
Amanda Fiorilla (admitted pro hac vice)
Rachel Kesten (admitted pro hac vice)
Yuanchen Lu (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com
ylu@lowey.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE and JANE DOE II, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FULLSTORY, INC., META PLATFORMS, INC., TIKTOK, INC., AND BYTEDANCE INC.,<br><br>Defendants. | Case No. 3:23-cv-00059-WHO (VKD)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: March 25, 2025<br>Time: 2:00 p.m.<br>Courtroom: Videoconference<br>Judge: Honorable William H. Orrick |

Pursuant to Civil Local Rule 16-10(d), Plaintiff Jane Doe II ("Plaintiff") and Defendants FullStory, Inc. ("FullStory"), Meta Platforms, Inc. ("Meta"), TikTok Inc., and ByteDance Inc. (together with TikTok Inc., "TikTok"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement in advance of the Case Management Conference scheduled in the above-captioned case for March 25, 2025 at 2:00 p.m. via videoconference before the Honorable William H. Orrick. The Parties previously submitted a Joint Rule 26(f) Report on April 30, 2024, and joint case management statements on June 5, 2024, December 31, 2024, and February 11, 2025. ECF Nos. 144, 154, 178, 192.

## I. PENDING AND UPCOMING MOTIONS

*The Parties' Upcoming Briefing on the Discovery Documents*: The Parties are still working together to resolve their disputes regarding the protective order and electronically stored information ("ESI") protocol. The parties have reached agreement regarding the Federal Rule of Evidence 502(d) ("clawback") order and will file it promptly with the Court for review. The Parties have been able to reach agreements on most of the issues related to the protective order and ESI protocol and plan to raise any remaining disputes with Judge DeMarchi.

## II. DISCOVERY

### *Plaintiff's Statement:*

**ESI Protocol, Protective Order, and Clawback Order.** After the February 18, 2025 case management conference, Plaintiff promptly responded to Defendants' February 14, 2025 revision to these discovery protocols on February 26, 2025, attempting to resolve issues on which Parties are potentially at impasse. The Parties have reached an agreement on the clawback order. Plaintiff is waiting for Defendants' responses as to the ESI protocol and protective order.

**Meta's Preservation of ESI.** Since December 2024 (ECF No. 178 at 3), Meta has represented that it was in the process of examining the underlying data in connection with IDs associated with the Favor Platform to determine (1) whether any Favor data exists, is lost, or unavailable, and (2) the time period for which this data exists. On February 26, 2025, Plaintiff explained to Meta that recent filings in *In re Meta Pixel Healthcare Litig.*, No. 22-CV-03580-WHO (N.D. Cal.) have raised serious concerns about Meta's data preservation efforts, including at least two tables containing data about users'

interactions with certain healthcare websites that Meta failed to preserve. Given Meta's prior representation that its preservation efforts *in this* case were subsumed within its preservation efforts in other similar cases, Plaintiff requested a meet and confer to further discuss this issue. Two weeks later, Meta finally responded and agreed to discuss this issue on March 21, 2025. Meta's prolonged delay is especially concerning given Plaintiff's understanding that any data not preserved is being destroyed on an ongoing basis.

**Plaintiff's Requests for Production of Documents ("RFPs") to Defendants**

Meta: Plaintiff and Meta are still working to resolve their remaining disputes. In accordance with Judge DeMarchi's February 12, 2025 Order (ECF No. 193), Plaintiff emailed Meta on March 11, 2025 to discuss RFP Nos. 1, 11, and 27. Separately, Plaintiff wrote Meta a letter on February 12, 2025 concerning the remaining RFPs for which the Parties have yet to reach agreement. Plaintiff followed up on February 26, March 4, and March 11, 2025. Meta provided its response on March 18, 2025.

TikTok: On February 28, 2025, TikTok made a production of over 291,700 documents which consist of documents it produced in *Griffith v. TikTok, Inc.*, 5:23-cv-00964 (C.D. Cal.). Only about 49,000 or less than 17% of the documents hit on Plaintiff's proposed search terms. This corroborates Plaintiff's concern, as expressed at the last case management conference that the *Griffith* production cannot satisfy TikTok's discovery obligation in this case due to its different subject matter. *See* ECF No. 199 at 7:16-19 (explaining the *Griffith* case concerned TikTok's pixel in general but not the type of health or medical data at issue in this case). Indeed, a majority of the *Griffith* documents are from custodians that TikTok itself acknowledged as "less likely to have unique or relevant documents." Regardless of the *Griffith* production, TikTok is required to negotiate search terms and custodians to identify and produce documents responsive to Plaintiff's RFPs.

Separately, Plaintiff followed up with TikTok concerning: (1) its production of data specific to the named Plaintiff (in response to RFP No. 8); and (2) aggregated statistics relevant to class size (in response to RFP No. 31), which TikTok has been investigating for months. Plaintiff will raise any dispute with Judge DeMarchi if the Parties cannot reach an agreement on these issues.

FullStory: Plaintiff is currently in the process of negotiating the scope of discovery with FullStory. The Parties expect to reach compromise on most issues and will raise remaining disputes

with Judge DeMarchi.

**Custodian and Search Terms Negotiations**

<u>TikTok</u>: Plaintiff shared proposed search terms and custodians with TikTok on January 27 and February 11, 2025, respectively. TikTok provided a response as to custodians on February 21, 2025, and produced hit count reports for search terms on March 4, 2025. Plaintiff attempted to schedule a meet and confer with TikTok regarding custodians on February 24, but TikTok stated the call should be put off until it produced hit count reports. TikTok has yet to provide its availabilities to discuss custodians with Plaintiff. Plaintiff sent a follow-up letter regarding these matters on March 17, 2025.

<u>Meta</u>: Despite Meta's reluctance to provide its proposed search terms in absence of an agreement on custodians, Plaintiff provided her proposed search terms to Meta on February 20, 2025. Plaintiff has not received a response. Since November 25, 2024, Plaintiff requested that Meta provide its initial custodian proposal, and Meta identified potential custodians on January 15, 2025. Plaintiff raised deficiencies with Meta's proposal on February 7, 2025 and received Meta's response on March 4, 2025. Plaintiff is currently preparing a follow-up letter.

<u>FullStory</u>: FullStory has not provided its proposed search terms, nor disclosed its ESI sources. FullStory only provided its proposed custodians on February 10, 2025. Plaintiff provided a response on February 20, 2025. The Parties are in the process of negotiating this matter. Plaintiff also provided its proposed search terms to FullStory on March 18, 2025.

**Case Schedule.** Given the extensive delay in discovery to date, an extension of the current case schedule is necessary. Plaintiff will propose an extension to Defendants once she has sufficient information about the total volume of document discovery, and time needed to complete any follow-up required.

**Defendants' RFPs to Plaintiff.** Meta served its RFPs and interrogatories to Plaintiff Jane Doe II on January 31, 2025 and Plaintiff provided her responses and objections on March 3, 2025. TikTok served its interrogatories to Plaintiff Jane Doe II on February 24, 2025 and Plaintiff expects to provide responses and objections by the March 26, 2025 deadline.

Plaintiff proposed search terms to identify documents responsive to Defendants' RFPs on December 10, 2024. All Parties agreed on January 30, 2025 that Defendants will coordinate its

revisions to these search terms. On February 8, 2025, TikTok provided its revisions to Plaintiff's search terms and later represented that its revisions did not represent the Defendants' consensus. On March 11, 2025, Plaintiff requested Defendants to review TikTok's revisions and provide a coordinated position. Plaintiff agreed to provide response and hit count reports, if necessary, once Defendants have reached a unified position. On March 18, 2025, Meta separately provided its revisions. On the same day, Plaintiff took the extra step to combine the TikTok revision and the Meta revision into one document for them and asked for FullStory's input. Plaintiff explained again that she expected to receive additions and revisions from all Defendants in one document so that she can exchange proposals and hit counts in an efficient way, which is the reason why Plaintiff has not yet provided hit count reports for TikTok's February 8 proposal.

Plaintiff also made an additional production of Plaintiff's TikTok data on March 18, 2025.

**Third Party Discovery.** Plaintiff is still in the process of obtaining discovery from Favor's bankruptcy trustee and TwentyEight Health, Inc.

After the last case management conference, Plaintiff had a productive meet and confer with Thirty Madison, Inc. and Pepper Park LLC ("Thirty Madison"). Thirty Madison was willing to provide some discovery responsive to Plaintiff's subpoena to the extent it has responsive documents or data. Given this progress, Plaintiff does not expect to bring a motion to compel production before Judge DeMarchi for now.

**Additional Conferences**. Plaintiff believes that the Parties would benefit from additional conferences if the Court is available, in order to ensure the Parties continue to make progress in the future. The next conference can take place on April 25, 2025.

\* \* \*

***Defendants' Statements:***

***Defendants' Joint Statement re. ESI Protocol, Protective Order, and Clawback Order:***

The parties continue to negotiate the ESI protocol and protective order to be used in this case and are making significant progress in narrowing the remaining disputes that will require Court intervention, including several of the disputes discussed in the last Case Management statement. Defendants sent edits to the clawback order to plaintiff on March 17 and the parties reached agreement

regarding that order on March 18. The parties will file the clawback order with the Court promptly and defendants are aiming to send final edits to the protective order and ESI protocol before the Case Management Conference on March 25. Those negotiations have been complicated by the multiparty, technical nature of this case, but they are rapidly reaching their conclusion. The parties expect to raise a handful of disputes with Judge DeMarchi.

### *Meta's Statement:*

**Meta's Preservation of ESI.** As Meta has explained to plaintiff, it has complied and continues to comply with its preservation obligations. Meta has been investigating the questions raised in plaintiff's February 26, 2025 letter regarding preservation and will provide an update to plaintiff when able.

**Requests for Production of Documents ("RFPs").** Meta and plaintiff have made significant progress negotiating the scope of plaintiff's initial set of RFPs to Meta, including through multiple meet-and-confer discussions and several letters. Meta and plaintiff raised certain disputes regarding these RFPs with Judge DeMarchi on January 24, 2025, and Judge DeMarchi issued an order regarding those disputes on February 12, 2025. ECF No. 193. The parties are scheduled to confer regarding certain outstanding issues pertaining to those disputes on March 21. Meta responded on March 18 to plaintiff's February 12 letter regarding additional issues relating to plaintiff's RFPs. The parties are continuing to negotiate their remaining disagreements regarding plaintiff's RFPs to Meta, and they will raise any further disputes with Judge DeMarchi as appropriate.

Meta and plaintiff are also negotiating the scope of Meta's RFPs and interrogatories to plaintiff, which Meta served on January 31, 2025.

**Custodian and Search Terms Negotiations.** Meta and plaintiff are making progress negotiating Meta's custodians. Meta sent its proposed custodians to plaintiffs on January 14, 2025, plaintiff sent requests for further information and proposed additional custodians on February 7, 2025, and Meta responded to plaintiff's further requests and proposals on March 3, 2025. Meta is awaiting a response from plaintiff. Plaintiff has proposed search terms for Meta to use in connection with plaintiff's requests for production to Meta, but Meta maintains that custodial search terms should be negotiated after the custodians have been finalized.

The parties also continue to negotiate search terms and ESI data sources for plaintiff to use in connection with defendants' RFPs. Meta provided edits to plaintiff's proposed search terms for plaintiff's documents on March 18, 2025. Plaintiff's statement that Meta "agreed on January 30, 2025 that Defendants [would] coordinate its revisions to these search terms" is inaccurate. Rather, Meta informed plaintiff that coordination of search term revisions amongst defendants would be burdensome, and that Meta would send its revisions to plaintiff's search terms separately.

**Additional Conferences.** Meta can be available for another case management conference on May 6, 2025 if the Court would find another conference helpful.

*TikTok's Statement:*

TikTok has made significant progress on discovery. Although Plaintiff's statement identifies more issues with TikTok (as compared to the other Defendants), that does not indicate any lack of cooperation on the part of TikTok. Rather, it is to be expected since TikTok has made the most progress in responding to Plaintiff's requests. The chart below summarizes the current status:

|  | **TikTok** | **Plaintiff** |
|---|---|---|
| **Productions** | Over 3 million pages have been produced so far, relating to TikTok's Pixel and Events API. In its statement, Plaintiff complains that the *Griffith* production is not specific to health or medical data. But the parties are still negotiating the search terms specific to this case—including terms regarding health or medical data. Plaintiff says that only 17% of the produced documents to date hit their proposed terms. Assuming that is true, that means TikTok has already produced nearly 50,000 documents that Plaintiff specifically seeks with her search terms. | As of yesterday, Plaintiff produced only 1428 pages, consisting mostly of TikTok's and other Defendants' public-facing documents and press reports.<br><br>Open issues include:<br><br>• Information from the "Download Your Data" tool on TikTok that Plaintiff has access to with a few clicks of a button. Plaintiff appears to have just produced this information and TikTok is promptly reviewing the production, which Plaintiff provided today, on the date this Statement was due.<br>• Device/browser settings |

| | | TikTok has been asking for these documents for almost a year. |
|---|---|---|
| **Search terms & hit reports** | List of custodians and a hit report have been provided, together with follow-up information regarding roles, location, etc.  Contrary to Plaintiff's statement, TikTok has not refused to meet and confer further.  TikTok has simply suggested that it would be "most useful after Plaintiff has reviewed the hit reports and HR information" to see if there actually are any issues.  Plaintiff sent TikTok a letter on these topics just yesterday.  TikTok will promptly reply. | Plaintiff has yet to provide a hit report for her search terms.  Despite numerous requests from TikTok, Plaintiff refuses to engage on search terms until the Defendants agree on a single set of terms.  Plaintiff is wrong when she claims TikTok agreed to this, and continues to seek the initial hit reports without delay arising out of issues Plaintiff may or may not have with the other Defendants. |

*FullStory's Statement*:

FullStory and Plaintiff have continued to make progress advancing discovery since the last case management conference.  The parties have reached agreement on all or nearly all issues regarding the scope of Plaintiff's RFPs to FullStory, memorialized in FullStory's March 13, 2025 letter to Plaintiff; accordingly, FullStory will soon disclose its ESI sources and is continuing to negotiate proposed custodians.  After the custodians have been finalized, FullStory will provide search terms and hit reports, as required under the competing versions of the ESI protocol the parties are currently negotiating.  As to FullStory's RFPs served on Plaintiff, FullStory memorialized its positions regarding the scope of its RFPs in a February 21, 2025 letter to Plaintiff, following multiple meet-and-confer discussions. FullStory is awaiting Plaintiff's response.

Dated:  March 18, 2025         **LOWEY DANNENBERG, P.C.**

By: */s/ Christian Levis*
Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
Yuanchen Lu (*pro hac vice* forthcoming)
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

|   |   |   |
|---|---|---|
| 1 | | rkesten@lowey.com |
| 2 | | ylu@lowey.com |

**LYNCH CARPENTER, LLP**
(Eddie) Jae K. Kim (CA Bar No. 236805)
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel.: (626) 550-1250
ekim@lcllp.com

LYNCH CARPENTER, LLP
Gary F. Lynch (admitted *pro hac vice*)
Jamisen A. Etzel (admitted *pro hac vice*)
Nicholas A. Colella (admitted *pro hac vice*)
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel.: (412) 322-9243
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

*Attorneys for Plaintiff and the Proposed Class*

Dated: March 18, 2025         **GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Darcy C. Harris*
    Darcy C. Harris

LAUREN R. GOLDMAN (admitted *pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (admitted *pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone:  (212) 351-4000
Facsimile:   (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

| | |
|---|---|
| Dated: March 18, 2025 | **WILSON SONSINI GOODRICH & ROSATI**<br>Professional Corporation<br><br>By: */s/ Thomas R. Wakefield*<br><br>Victor Jih, SBN 186515<br>Kelly H. Yin, SBN 328380<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1900 Avenue of The Stars, 28th Floor<br>Los Angeles, CA 90067<br>Telephone: (424) 446-6900<br>Email: vjih@wsgr.com; kyin@wsgr.com<br><br>Luis Li, SBN 156081<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>633 West Fifth Street, Suite 1550<br>Palo Alto, CA 94306<br>Los Angeles, CA 90071<br>Telephone: (323) 210-2900<br>Email: luis.li@wsgr.com<br><br>Dylan Grace Savage, SBN 310452<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>1301 Avenue of the Americas.<br>40th Floor<br>New York, NY 10019<br>Telephone: (212) 999-5800<br>Facsimile: (866) 974.7329<br>Email: dsavage@wsgr.com<br><br>Thomas R. Wakefield, SBN 330121<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>One Market Plaza, Spear Tower, Suite 3300<br>San Francisco, CA 94105<br>Telephone: (424) 446-6900<br>Email: twakefield@wsgr.com<br><br>*Attorneys for Defendants TikTok Inc. and ByteDance Inc.* |

Dated: March 18, 2025

**COVINGTON & BURLING LLP**

By: */s/ Matthew Q. Verdin*

EMILY JOHNSON HENN (SBN 269482)
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800

CORTLIN H. LANNIN (SBN 266488)
clannin@cov.com
MATTHEW Q. VERDIN (SBN 306713)
mverdin@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

*Attorneys for Defendant FullStory, Inc.*

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Christian Levis, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated:  March 18, 2025        **LOWEY DANNENBERG, P.C.**

                    By:  */s/ Christian Levis*