(Eddie) Jae K. Kim (CA Bar No. 236805)
**LYNCH CARPENTER, LLP**
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel.: (626) 550-1250
ekim@lcllp.com

Gary F. Lynch (admitted pro hac vice)
Jamisen A. Etzel (admitted pro hac vice)
Nicholas A. Colella (admitted pro hac vice)
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel.: (412) 322-9243
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

Christian Levis (admitted pro hac vice)
Amanda Fiorilla (admitted pro hac vice)
Rachel Kesten (admitted pro hac vice)
Yuanchen Lu (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com
ylu@lowey.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE and JANE DOE II, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FULLSTORY, INC., META PLATFORMS, INC., TIKTOK, INC., AND BYTEDANCE INC.,<br><br>Defendants. | Case No. 3:23-cv-00059-WHO (VKD)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: April 29, 2025<br>Time: 2:00 p.m.<br>Courtroom: Videoconference<br>Judge: Honorable William H. Orrick |

1  Pursuant to Civil Local Rule 16-10(d), Plaintiff Jane Doe II ("Plaintiff") and Defendants
2  FullStory, Inc. ("FullStory"), Meta Platforms, Inc. ("Meta"), TikTok Inc., and ByteDance Inc. (together
3  with TikTok Inc., "TikTok") ("collectively, the "Parties"), by and through their respective counsel of
4  record, hereby submit the following Joint Case Management Statement in advance of the Case
5  Management Conference scheduled in the above-captioned case for April 29, 2025 at 2:00 p.m. via
6  videoconference before the Honorable William H. Orrick.  The Parties previously submitted a Joint
7  Rule 26(f) Report on April 30, 2024, and four joint case management statements on June 5, 2024,
8  December 31, 2024, February 11, 2025, and March 18, 2025, respectively.  ECF Nos. 144, 154, 178,
9  192, 200.

## I. PENDING AND UPCOMING MOTIONS

*The Parties' Upcoming Briefing on the ESI Protocol*: Since the March 25, 2025 case management conference, the Parties have worked cooperatively to resolve most of their disputes regarding the electronically stored information ("ESI") protocol.  The Parties plan to raise any remaining disputes regarding the ESI protocol with Judge DeMarchi.

## II. FINALIZED DISCOVERY DOCUMENTS

The Parties were able to work cooperatively to resolve their disputes regarding the Parties' Federal Rule of Evidence 502(d) Order ("Clawback Order") and Protective Order without Court intervention. The Parties submitted a proposed Clawback Order on March 25, 2025, which was entered by the Court on the same date.  ECF Nos. 202-03.  The Parties submitted a proposed Protective Order on April 4, 2025, which was entered (as modified by the Court) on April 11, 2025.  ECF Nos. 205-06.

*Plaintiff's Statement:*

**Plaintiff's RFPs and Interrogatories to Defendants**

Meta: Plaintiff and Meta are still working to resolve their remaining disputes.  The Parties met and conferred about Judge DeMarchi's February 12, 2025 Order (ECF No. 193) on March 21, 2025, and are in the process of exchanging proposed modifications to the RFPs at issues. Separately, Plaintiff wrote Meta a letter on February 12, 2025 concerning the remaining RFPs for which the Parties have yet to reach agreement. Meta provided its response on March 18, 2025.  Plaintiff followed up with a letter on April, 4 2025.  Plaintiff has not received a response from Meta yet.

1  TikTok: On February 28, 2025, TikTok made a production of over 291,700 documents which consist of documents it produced in *Griffith v. TikTok, Inc.*, 5:23-cv-00964 (C.D. Cal.). On March 17, 2025, Plaintiff wrote TikTok a letter concerning: (1) the insufficiency of the *Griffith* production (2) TikTok's production of data specific to the named Plaintiff (in response to RFP No. 8); (3) aggregated statistics relevant to class size (in response to RFP No. 31); and (4) certain issues with regards to custodians and search terms. TikTok provided its response on April 9, 2025. The Parties met and conferred on April 17, 2025. Parties are still in the process of negotiating these issues, and Plaintiff will raise any remaining dispute with Judge DeMarchi.

Separately, Plaintiff served TikTok with her first set of interrogatories on March 13, 2025. Plaintiff received TikTok's responses and objections on April 14, 2025. The Parties are in the process of negotiating these interrogatories.

FullStory: Plaintiff is currently in the process of negotiating the scope of RFP Set One with FullStory. The Parties have reached compromise on most issues and will raise any remaining dispute with Judge DeMarchi.

Separately, Plaintiff served FullStory with RFP Set Two on April 8, 2025, and expects to receive FullStory's response by May 8, 2025.

**Custodian and Search Terms Negotiations**

TikTok: Parties have exchanged correspondence as to the custodians and search terms, and are still in the process of negotiating these issues. Plaintiff will raise any remaining dispute with Judge DeMarchi.

Meta: Plaintiff provided her proposed search terms to Meta on February 20, 2025, but Meta has since then refused to provide a counter-proposal in absence of an agreement on custodians. Plaintiff has requested Meta's custodian proposal as early as November 2024. Meta first identified potential custodians on January 15, 2025. The Parties then exchanged several correspondences on this issue. On March 21, 2025, Plaintiff requested a meet and confer to speed up this process, given Meta's insistence to predicate search term negotiations on the custodian discussion. Meta rejected this request and insisted that Parties meet and confer after it provided its letter, which it sent to Plaintiff almost a month later. Plaintiff is in the process of evaluating Meta's position.

<u>FullStory</u>: After the last case management conference, FullStory disclosed its ESI sources on March 25, 2025. On April 21, 2025, FullStory provided its counter-proposal for search terms in response to Plaintiff's March 18, 2025 proposal. Plaintiff is in the process of evaluating FullStory's proposed search terms.

Separately, FullStory provided its initial custodian list on February 10, 2025, and Plaintiff provided a counter proposal on February 20, 2025. Plaintiff still has not received a response as of the filing of this statement.

**Case Schedule**. Given the extensive delay in discovery to date, an extension of the current case schedule is necessary. Plaintiff will propose an extension to Defendants once she has sufficient information about the total volume of document discovery, and time needed to complete any follow-up required.

**Defendants' RFPs and Interrogatories to Plaintiff**. TikTok served its interrogatories to Plaintiff Jane Doe II on February 24, 2025 and Plaintiff provided her responses and objections on March 26, 2025. Plaintiff disagrees with TikTok's characterization of her responses, but is willing to meet and confer to resolve this dispute. TikTok also served its second set of RFPs to Plaintiff on March 27, 2025, and Plaintiff expects to provide her responses and objections by the April 28, 2025 deadline. There is no new development as to Meta or FullStory's discovery requests since the last case management conference.

Plaintiff initially proposed search terms to identify documents responsive to Defendants' RFPs on December 10, 2024. TikTok provided its proposed search terms on February 8, 2025 and Meta on March 18, 2025. After the last case management conference, FullStory provided its proposed search terms on April 8, 2025. Plaintiff then promptly provided a counter proposal and hit count reports to all Defendants on April 11, 2025.

**Third Party Discovery**. Plaintiff is still in the process of obtaining discovery from Favor's bankruptcy trustee and TwentyEight Health, Inc. On April 4, 2025, Thirty Madison, Inc. provided Plaintiff with aggregated statistics that are informative of the size of the classes in this case, which Plaintiff then provided to Defendants on April 8, 2025.

**Potential Mediation**. On April 8, 2025, Plaintiff reached out to Meta and TikTok to discuss

the potential for a mediation, in light of the class size revealed by third party discovery. Plaintiff has not yet received a response from any Defendant.

* * *

*Defendants' Statements:*

*Meta's Statement:*

**Requests for Production of Documents ("RFPs").** Meta and plaintiff have made significant progress negotiating the scope of plaintiff's initial set of RFPs to Meta, including through multiple meet-and-confer discussions and several letters. In particular, since the last case management conference, Meta has sent plaintiff letters (1) proposing a data sampling protocol, and (2) offering a proposal regarding plaintiff's RFP No.1 and the definition of "health and/or medical data" following Judge DeMarchi's decision on the parties' disputes regarding those issues (Dkt. 193). Meta and plaintiff are otherwise continuing to negotiate plaintiff's RFPs to Meta, several of which are significantly overbroad (*see*, *e.g.*, *id.*), and they will raise any disputes with Judge DeMarchi as appropriate.

Meta and plaintiff are also negotiating the scope of Meta's RFPs and interrogatories to plaintiff, which Meta served on January 31, 2025.

**Custodian and Search Terms Negotiations.** Meta and plaintiff are making progress negotiating Meta's custodians. Meta sent its proposed custodians to plaintiffs on January 14, 2025. Plaintiff sent requests for further information and proposed additional custodians on February 7, 2025, to which Meta responded on March 3, 2025. Plaintiff sent another letter for additional information and proposed additional custodians on March 21, 2025, and Meta responded on April 18, 2025. Meta remains willing to meet and confer with plaintiff's counsel regarding Meta's proposed custodians, and is hopeful that the parties will reach agreement on this issue soon.

Plaintiff has proposed search terms for Meta to use in connection with plaintiff's requests for production to Meta, but Meta maintains that the applicable custodians should be set before the parties negotiate the search terms to be applied to those custodians' documents, including because the Parties' near-final ESI protocol requires the producing party to provide hit reports concurrently with search terms (which Meta cannot provide until the list of custodians is set).

Meta and plaintiff also continue to negotiate search terms and ESI data sources for plaintiff to use in connection with Meta's RFPs to plaintiff.

**Third Party Discovery.** Meta served a subpoena on Hey Favor's bankruptcy trustee on April 4, 2025, negotiations for which are ongoing.

**Potential Mediation**. Meta is considering plaintiff's potential alternative dispute resolution proposal.

*TikTok's Statement:*

As discussed at past conferences, TikTok accelerated discovery regarding its Pixel technology by producing documents from *Griffith v. TikTok Inc.*, Case No. 5:23-cv-00964 (C.D. Cal.). On April 9, 2025, TikTok sent Plaintiff a letter providing further details about the contents of the *Griffith* documents, the time period they cover, and Bates-mapping to help Plaintiff navigate the production.

In parallel, TikTok continues to make substantial headway on discovery that is specific to Plaintiff and to Favor. Though the ESI protocol is not yet finalized, TikTok has identified custodians likely to possess TikTok's communications with or about Favor, while also sharing search terms and hit reports for those custodians. On April 9, 2025, TikTok met and conferred with Plaintiff regarding these topics, and TikTok will produce its records regarding Plaintiff this week.

In addition to responding to Plaintiff's discovery requests, TikTok has pressed to get discovery from Plaintiff. On March 26, 2025, Plaintiff served deficient responses and objections to TikTok's first set of interrogatories, refusing to answer interrogatories based on a legally groundless objection. TikTok hopes to resolve this issue without Court intervention. TikTok has also served its second set of requests for production to Plaintiff on March 27, 2025, seeking further information related to Plaintiff's use of the Favor platform. It anticipates receiving Plaintiff's responses on April 28, 2025.

*FullStory's Statement:*

FullStory and Plaintiff have continued to make progress advancing discovery since the last case management conference. The parties are at or near agreement on all issues regarding the scope of Plaintiff's first set of RFPs to FullStory, as reflected in FullStory's April 21, 2025 letter to Plaintiff. FullStory disclosed its ESI data sources to Plaintiff on March 25, 2025, proposed search terms to use in connection with Plaintiff's first set of RFPs to FullStory on April 21, 2025, and the parties are

currently negotiating FullStory's custodians. Plaintiff served a second set of RFPs on FullStory on April 8, 2025, and FullStory expects to timely serve responses and objections by May 8, 2025, pursuant to Federal Rule of Civil Procedure 34(b)(2)(A). As to FullStory's RFPs served on Plaintiff, the parties are negotiating the scope of and proposed search terms for FullStory's RFPs.

Dated:  April 22, 2025              **LOWEY DANNENBERG, P.C.**

By:  /s/ *Christian Levis*_____
Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
Yuanchen Lu (*pro hac vice* forthcoming)
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com
ylu@lowey.com

**LYNCH CARPENTER, LLP**
(Eddie) Jae K. Kim (CA Bar No. 236805)
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel.: (626) 550-1250
ekim@lcllp.com

LYNCH CARPENTER, LLP
Gary F. Lynch (admitted *pro hac vice*)
Jamisen A. Etzel (admitted *pro hac vice*)
Nicholas A. Colella (admitted *pro hac vice*)
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel.: (412) 322-9243
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

*Attorneys for Plaintiff and the Proposed Class*

Dated: April 22, 2025              **GIBSON, DUNN & CRUTCHER LLP**

By:  /s/ *Darcy C. Harris*_____
    Darcy C. Harris

LAUREN R. GOLDMAN (admitted *pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (admitted *pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue

-6-
JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:23-CV-00059-WHO (VKD)

|     |                        |                                                       |
| --- | ---------------------- | ----------------------------------------------------- |
| 1   |                        | New York, NY 10166                                    |
| 2   |                        | Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035 |

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

Dated: April 22, 2025                **WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

By: /s/ *Tom R. Wakefield*

Victor Jih, SBN 186515
Kelly H. Yin, SBN 328380
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of The Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900
Email: vjih@wsgr.com; kyin@wsgr.com

Luis Li, SBN 156081
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Palo Alto, CA 94306
Los Angeles, CA 90071
Telephone: (323) 210-2900
Email: luis.li@wsgr.com

Dylan Grace Savage, SBN 310452
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas.
40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974.7329
Email: dsavage@wsgr.com

Thomas R. Wakefield, SBN 330121
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

-7-
JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:23-CV-00059-WHO (VKD)

|   |   |
|---|---|
| 1 | One Market Plaza, Spear Tower, Suite 3300 |
| 2 | San Francisco, CA 94105 |
|   | Telephone: (424) 446-6900 |
| 3 | Email: twakefield@wsgr.com |

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

Dated: April 22, 2025              **COVINGTON & BURLING LLP**

By: /s/ *Matthew Q. Verdin*

EMILY JOHNSON HENN (SBN 269482)
ehenn@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800

CORTLIN H. LANNIN (SBN 266488)
clannin@cov.com
MATTHEW Q. VERDIN (SBN 306713)
mverdin@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

*Attorneys for Defendant FullStory, Inc*

## **FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Christian Levis, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: April 22, 2025                                By: */s/ Christian Levis*