(Eddie) Jae K. Kim (CA Bar No. 236805)
**LYNCH CARPENTER, LLP**
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel.: (626) 550-1250
ekim@lcllp.com

Gary F. Lynch (admitted pro hac vice)
Jamisen A. Etzel (admitted pro hac vice)
Nicholas A. Colella (admitted pro hac vice)
**LYNCH CARPENTER, LLP**
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel.: (412) 322-9243
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
Yuanchen Lu (*pro hac vice* forthcoming)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com
ylu@lowey.com

*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JANE DOE II, individually and on behalf of all others similarly situated,

Plaintiff,

v.

META PLATFORMS, INC., TIKTOK, INC., AND BYTEDANCE INC.,

Defendants.

Case No. 3:23-cv-00059-WHO (VKD)

**JOINT CASE MANAGEMENT STATEMENT**

Date: February 3, 2026
Time: 2:00 p.m.
Courtroom: Videoconference
Judge: Honorable William H. Orrick

Pursuant to Civil Local Rule 16-10(d), Plaintiff Jane Doe II ("Plaintiff") and Defendants Meta Platforms, Inc. ("Meta") and TikTok Inc. and ByteDance Inc. (together with TikTok Inc., "TTI") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit the following Joint Case Management Statement in advance of the Case Management Conference scheduled in the above-captioned case for February 3, 2026 at 2:00 p.m. via videoconference before the Honorable William H. Orrick. The Parties previously submitted a Joint Rule 26(f) Report on April 30, 2024, and thirteen joint case management statements on June 5, 2024, December 31, 2024, February 11, 2025, March 18, 2025, April 22, 2025, May 27, 2025, July 1, 2025, July 29, 2025, August 26, 2025, September 30, 2025, October 28, 2025, November 25, 2025, and December 30, 2025. ECF Nos. 144, 154, 178, 192, 200, 207, 217, 226, 232, 240, 255, 263, 268, 279.

## I. JOINT STATEMENT REGARDING PROGRESS SINCE THE PREVIOUS CMC

Pursuant to the Court's instructions, the Parties hereby report the progress that has been made since the previous CMC.

*Discovery sought from Meta*. Meta is continuing to advance discovery, including by making document productions, negotiating the scope of Meta's forthcoming data sample, and negotiating search terms to be applied to Meta's custodial files.

*Discovery sought from Plaintiff*. Plaintiff and Meta finalized search terms to be applied to plaintiff's custodial files on October 28, 2025. On January 6, 2026, Plaintiff made a production of responsive documents that hit on these search terms.

*Plaintiff's Settlement with TTI*. Plaintiff and TTI are actively working on finalizing their settlement agreement. Plaintiff and TTI will provide further updates on January 28, 2026 regarding the status of the settlement agreement and the forthcoming motion for preliminary approval.

## II. DISCOVERY

***Plaintiff's Statement:***

**Plaintiff's RFPs and Interrogatories**

Data Tables. Plaintiff and Meta agreed in September 2025 that Meta would provide a data sample for the Favor data in its possession, but have since disagreed on what specific data tables Meta would include in this sample. Meta insisted on limiting its sample to what it claims to be five "core"

Hive tables that contain Favor data. However, according to Meta's own data flowchart, these are only upstream tables that receive data from the Pixel and do not reflect how Meta uses this data, such as for uniquely identifying Favor users or for targeted advertising and model training. Therefore, on October 22, 2025, Plaintiff identified at least three specific downstream tables relating to these topics that Meta failed to include, and requested Meta provide more complete information so that Plaintiff can identify all tables that Meta should sample. Three months later, on January 16, 2026, Meta rejected all Plaintiff's requests, and characterized all three tables as duplicative and irrelevant, in direct contradiction to its own documentation. Plaintiff explained to Meta her final position on January 23, 2026, and plans to bring this dispute to Judge DeMarchi.

Customer List Uploads. Meta claimed that this data was deleted pursuant to its ordinary retention policies, but that it could confirm Favor used this service by reference to data stored in a separate table. Plaintiff sent Meta a follow-up letter on December 23, 2025 seeking additional information about this other table so that Plaintiff can understand what information this table contains and whether any other information relating to Favor's use of customer list uploads is still available. Meta has not provided a response to date.

*Meta Healthcare* Data. Meta confirmed that it failed to preserve data contained in the table identified in *Meta Healthcare* at least until September 2024. Given that Meta has already deleted Favor User Data in several instances, Plaintiff is concerned that Meta's preservation failures are much broader in scope than what Plaintiff is aware of currently. Plaintiff therefore requested Meta identify each table containing Favor User Data along with the specific fields deleted, and for what time period, so that Plaintiff can evaluate the need for evidentiary sanctions. Meta has not provided a response to date.

**Custodian and Search Terms Negotiations**

Plaintiff and Meta are still exchanging competing search term proposals. Meta claimed that Plaintiff's proposal is overly burdensome because it hit on 4,604,043 documents. However, Meta later confirmed—at Plaintiff's request—that the hit counts it provided were not deduplicated in any sense, e.g., across custodians or email threads. This means Meta's hit counts are grossly inflated, and so is its burden argument. Meta claims that it cannot deduplicate or thread emails until *after* the Parties agree on search terms and it sends the hit-on documents to a vendor. This is unworkable, as it would require

Plaintiff to negotiate search terms using hit counts that are not actually reflective of the total number of documents Meta will review. Plaintiff requested that Meta deduplicate and thread emails now, which is routine to facilitate these discussions. Meta rejected this proposal on January 26, 2026. Plaintiff explained on January 27, 2026 that given Meta is using Relativity to evaluate the search terms, there is no reason it cannot deduplicate the documents prior to reporting hit counts as this is a standard workflow. Plaintiff is awaiting Meta's final position on this issue.

**Meta's RFPs and Interrogatories to Plaintiff**

Plaintiff made a production of documents to Meta on January 6, 2026.

**Third Party Discovery.**

Favor. Plaintiff and Meta are working cooperatively on a set of proposed protocols that would govern Favor bankruptcy trustee's production in response to both Parties' subpoenas in this case.

Class Contact Information for Settlement Purposes. Following the settlement with TTI, Plaintiff contacted each third party in this case that possesses Favor's customer records, and requested production of class contact information to the settlement administrator to be selected, solely for purposes of administering the settlement. Plaintiff has recently reached an agreement with Thirty Madison, and is continuously discussing with the remaining third parties.

**Meta's Statement**:

**Plaintiffs' RFPs to Meta**

Meta is analyzing plaintiff's most recent correspondence regarding data tables and preservation, received December 23, 2025 and January 26, 2026, respectively, and will provide a response in the near term. However, and as previously stated, Meta does not agree with plaintiff's repeated mischaracterizations regarding data tables, unsubstantiated allegations regarding Meta's preservation, and endless demands for informal discovery from Meta. Contrary to plaintiff's statements, Meta has agreed to provide substantial discovery to plaintiff, and plaintiff is impeding the progress of discovery in this case by demanding ever more information before Meta can even begin providing the data sample that has already been agreed to. Plaintiff's apparent expectation that Meta should identify and produce data from every table that plaintiff thinks may have contained Favor data is not reasonable or proportionate to the needs of the case. *C.f. In re Meta Pixel Litig.*, No. 3:22-cv-3580-WHO-VKD, Dkt.

452; Apr. 9, 2024 Tr. at 44:25–45:2 (DeMarchi, J.) ("[W]hat's critical for the [plaintiff] at the class cert stage is being able to have the kind of data that you can say is representative of the class."); *id.* at 46:1 ("Everything is not the answer.").

Separately, Meta recently made two additional document productions, on January 5, and 27, 2026, for a total of nine productions to date.

**Search Terms for Plaintiff's RFPs to Meta**

As plaintiff notes, the parties are still negotiating search terms for plaintiff's RFPs to Meta. Meta is investigating plaintiff's request that Meta deduplicate documents and thread emails before search terms are finalized, and hopes to resolve this issue cooperatively and without Court intervention.

**Meta's RFPs and Interrogatories to Plaintiff**

Plaintiff indicated on October 28, 2025 that "[g]iven [that] the Parties' search term dispute for [p]laintiff's documents was resolved on September 22, 2025, [p]laintiff is in the process of preparing and reviewing documents to be produced to Defendants." ECF No. 263. In the more than four months since the parties have agreed on search terms, plaintiff has made a single production containing 97 documents.

**TTI's Statement**:

TTI and Plaintiff are negotiating the formal settlement agreement, which memorializes the terms of the agreement in principle that they agreed to on October 20, 2025. The parties discussed the outstanding edits to the settlement agreement on January 14, 2026, and TTI is working to return a draft of the settlement agreement to Plaintiff in the near term. TTI will provide a further update, if necessary, on January 28, 2026. See ECF No. 277 (previous update to Court on settlement).

Dated: January 27, 2026

**LOWEY DANNENBERG, P.C.**

By: */s/ Christian Levis*____________

Christian Levis (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
Rachel Kesten (admitted *pro hac vice*)
Yuanchen Lu (*pro hac vice* forthcoming)
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel.: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com

afiorilla@lowey.com
rkesten@lowey.com
ylu@lowey.com

**LYNCH CARPENTER, LLP**
(Eddie) Jae K. Kim (CA Bar No. 236805)
117 East Colorado Blvd., Suite 600
Pasadena, CA 91105
Tel.: (626) 550-1250
ekim@lcllp.com

LYNCH CARPENTER, LLP
Gary F. Lynch (admitted *pro hac vice*)
Jamisen A. Etzel (admitted *pro hac vice*)
Nicholas A. Colella (admitted *pro hac vice*)
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel.: (412) 322-9243
gary@lcllp.com
jamisen@lcllp.com
nickc@lcllp.com

*Attorneys for Plaintiff and the Proposed Class*

Dated: January 27, 2026

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Darcy C. Harris*__________
Darcy C. Harris

LAUREN R. GOLDMAN (admitted *pro hac vice*)
lgoldman@gibsondunn.com
DARCY C. HARRIS (admitted *pro hac vice*)
dharris@gibsondunn.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

ELIZABETH K. MCCLOSKEY, SBN 268184
emccloskey@gibsondunn.com
ABIGAIL A. BARRERA, SBN 301746
abarrera@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

*Attorneys for Defendant Meta Platforms, Inc.*

Dated: January 27, 2026

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation

By: */s/ Thomas R. Wakefield*

Victor Jih, SBN 186515
Kelly H. Yin, SBN 328380
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1900 Avenue of The Stars, 28th Floor
Los Angeles, CA 90067
Telephone: (424) 446-6900
Email: vjih@wsgr.com; kyin@wsgr.com

Luis Li, SBN 156081
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
633 West Fifth Street, Suite 1550
Palo Alto, CA 94306
Los Angeles, CA 90071
Telephone: (323) 210-2900
Email: luis.li@wsgr.com

Dylan Grace Savage, SBN 310452
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas.
40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974.7329
Email: dsavage@wsgr.com

Thomas R. Wakefield, SBN 330121
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: (424) 446-6900
Email: twakefield@wsgr.com

*Attorneys for Defendants TikTok Inc. and ByteDance Inc.*

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I, Christian Levis, hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from all signatories.

Dated: January 27, 2026 By: *<u>/s/ Christian Levis</u>*